# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/21/2022
CT Log Number 540917464

**TO:** Virginia Marczynski
Firstsource Advantage, LLC
205 BRYANT WOODS S
BUFFALO, NY 14228-3609

**RE:** **Process Served in Illinois**

**FOR:** Firstsource Advantage, LLC  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANITA MALDONADO, on behalf of herself and all others similarly situated vs. F1RSTSOURCE ADVANTAGE, LLC, |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH03756 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/21/2022 at 02:36 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Virginia Marczynski  virginia.marczynski@na.firstsource.com |
| | Email Notification,  Andrea Wenz  andrea.wenz@na.firstsource.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jan 21, 2022

**Server Name:** Sheriff Drop

| Entity Served | Firstsource Advantage LLC |
|---|---|
| Case Number | 2021CH03756 |
| Jurisdiction | IL |



* 5 0 1 3 2 3 3 0 *

FILED
1/3/2022 11:36 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03756
Calendar, 10
16130509

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

ANITA MALDONADO, on behalf of herself
and all others similarly situated,

_____

Plaintiff(s)

v.

FIRSTSOURCE ADVANTAGE, LLC

_____

Defendant(s)

c/o C T Corporation System
208 S. LaSalle St., Suite 814, Chicago, IL 60604

_____

Address of Defendant(s)

Case No.   2021CH03756

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ◉ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons · (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 60070
○ Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address: 980 N. Michigan Ave., Suite 1400

City: Chicago

State: IL    Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

Witness date    1/3/2022 11:36 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

* 5 0 1 3 2 3 3 0 *

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

* 5 0 1 3 2 3 3 0 *
FILED
1/3/2022 11:36 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03756
Calendar, 10
16130509

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

ANITA MALDONADO, on behalf of herself
and all others similarly situated,

Plaintiff(s)

v.

FIRSTSOURCE ADVANTAGE, LLC

Defendant(s)

Case No. 2021CH03756

c/o C T Corporation System
208 S. LaSalle St., Suite 814, Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail   ○ Sheriff Service   ⊙ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons · (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| ◉ Atty. No.: 60070 | Witness date ___1/3/2022 11:36 AM IRIS Y. MARTINEZ___ |
| ○ Pro Se 99500 | |
| Name: Celetha Chatman | IRIS Y. MARTINEZ, Clerk of Court |
| Atty. for (if applicable): | ☐ Service by Certified Mail |
| Community Lawyers LLC | |
| Address: 980 N. Michigan Ave., Suite 1400 | ☐ Date of Service: _____ |
| City: Chicago | (To be inserted by officer on copy left with employer or other person) |
| State: IL Zip: 60611 | |
| Telephone: (312) 757-1880 | |
| Primary Email: cchatman@communitylawyersgroup.co | |

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

`* 5 0 1 3 2 3 3 0 *`

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
               OR
          ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Case: 1:22-cv-00873 Document #: 1-1 Filed: 02/17/22 Page 10 of 44 PageID #:...PM
IRIS Y. MARTINEZ
* 5 0 1 3 2 CIRCUIT CLERK
COOK COUNTY, I
2021CH03756
Firm No. 60359 14271644

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ANITA MALDONADO, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 2021CH03756 |
| v. ) | CLASS ACTION |
| ) ) | |
| FIRSTSOURCE ADVANTAGE, LLC, ) ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

### CLASS ACTION COMPLAINT

Plaintiff Anita Maldonado, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and alleges as follows:

### NATURE OF THE CASE

1.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

7.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

8.      Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State),

2

and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.    Firstsource Advantage, LLC collects debts from consumers in Illinois.

10.    Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11.    Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12.    Plaintiff is a resident of the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt owed for a defaulted Capital One Bank USA, N.A. consumer credit account, which Plaintiff used primarily for personal, family, and household purchases (the "Account").

13.    Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

14.    Defendant, Firstsource Advantage, LLC ("Firstsource" or "Defendant"), is a New York limited liability company that does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

15.    Firstsource is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

3

16.     Firstsource regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

17.     According to Defendant, Plaintiff incurred a debt for the Account, originally a Capital One Bank USA, N.A.

18.     Plaintiff used the Account primarily for personal, family, and household purchases, and the Account is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

19.     The Account was not paid and subsequently went into default.

20.     Capital One Bank USA, N.A. retained the services of Firstsource in an attempt to collect on the Account.

21.     On or about July 9, 2021, Firstsource mailed Plaintiff a collection letter (the "Letter") in an attempt to collect the Account from Plaintiff. (Exhibit A, Letter).

22.     The Letter conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and an account number.

23.     The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

24.     Plaintiff read the Letter.

25.     The Letter was sent in an envelope with a string of numbers and a barcode next to Plaintiff's address, a string of letters and numbers above the return address, and a barcode printed on the back of the envelope. (Exhibit B, Envelope).

26.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

4

27. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

28. Thus, the presence of the bar codes, numbers, and characters visible on the envelope violated § 1692f(8).

29. Firstsource used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

30. The inclusion of any language that is not Firstsource's business name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation based on the inclusion of "TIME SENSITIVE DOCUMENT" on an envelope) (emphasis in the original).

31. The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's name and address is permitted. Id. (finding no exception even for so-called "benign language" on an envelope).

## CLASS ALLEGATIONS

44. Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a Capital One Bank USA, N.A. account (3) using a letter sent in an envelope materially identical to that attached as Exhibit B to Plaintiff's Complaint (4) in which bar codes, numbers, and characters

are visible on the envelope (5) sent one year prior to the filing of this Class Action Complaint to the filing of this Class Action Complaint.

45.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

46.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

47.     **Numerosity:** Upon information and believe, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Class are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter in an envelope materially identical to Exhibits A and B hereto given that it is a form letter. Members of the Class can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

48.     **Commonality and Predominance:** Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

49.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent, and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and

adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the class members.

50. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff re-alleges and incorporates the above paragraphs into this count.

52. Firstsource used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained language other than its address on the envelope.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for an award in her favor and against Defendant as follows:

        A. Certification of the proposed Class;

        B. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

7

* 5 0 1 3 2 3 3 0 *

C.  Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

D.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C §
1692k(a)(3); and

E.  Such other or further relief as the court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/*Daniel Brown*
Daniel Brown

Daniel Brown (atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

Michael Wood
Celetha Chatman
Community Lawyers, LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

Hearing Date: 11/30/2021 10:00 AM - 10:00 AM

Courtroom Number: 2302
Location: District 1 Court

Cook County, IL

* 5 0 1 3 2 3 3 0 *
FILED

8/2/2021 2:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03756

# EXHIBIT A

Statement Date: 07-09-21
Creditor: CAPITAL ONE BANK (USA), N.A.
Product: PLATINUM
Our Reference #: ▮▮▮▮▮▮▮
Creditor Account #: ▮▮▮▮▮▮▮
Account Balance: $439.61

**firstsource**

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 · 1-866-582-4774

### Pay Less Than You Owe and Settle Your Account

Dear Anita S Maldonado:

We are happy to offer you the opportunity to pay less than you owe to settle your account. If you pay $215.41 by 07-29-21 we will consider your account settled and collection efforts will stop on the remaining balance.

Upon receipt and clearance of your payment, we will notify the creditor listed above so they can update their records accordingly.

Kindly note that we have the right to treat any missed, late, or returned payment as a cancellation. We are not obligated to renew this payment offer.

If you have any questions, please do not hesitate to contact us at 1-866-582-4774.

* 5 0 1 3 2 3 3 0

We are required to inform you that this is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

We look forward to hearing from you.

Thank you,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency

---

**Customer Service and Payment Information**

☎ Telephone: Toll free: 1-866-582-4774    ☎ TTY / TDD Users: 1-800-662-1220
🕐 Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm.
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY, 14228
🖥 For account information and payment options, you may access our website at www.myadvantagefsa.com

***Please Detach Lower Portion and Return with Your Payment***

---

Do not send correspondence to this address.
C2FRST02 1
PO Box 1022
Wixom MI 48393-1022

CHANGE SERVICE REQUESTED

07-09-21

ANITA S MALDONADO

| IF PAYING BY DEBIT CARD, FILL OUT BELOW. |
| --- |

| CARD NUMBER | | EXPIRATION DATE |
| --- | --- | --- |
| SIGNATURE | | PAYMENT DATE |

| ACCOUNT # | BALANCE DUE | AMOUNT PAID |
| --- | --- | --- |
| ▮▮▮▮▮ | $439.61 | $ |

Make Payment To:
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

\* 5 0 1 3 2 3 3 0 \*

Hearing Date: 11/30/2021 10:00 AM - 10:00 AM

Courtroom Number: 2302
Location: District 1 Court

Cook County, IL

FILED
8/2/2021 2:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03756

# EXHIBIT B

CZFRST02
PO Box 1022
Wixom MI 48393-1022

CHANGE SERVICE REQUESTED

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

ANITA S MALDONADO

* 5 0 1 3 2 3 3 0 *

FILED
8/2/2021 2:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03756

Hearing Date: 11/30/2021 10:00 AM - 10:00 AM

Courtroom Number: 2302
Location: District 1 Court
Cook County, IL

# EXHIBIT C

* 5 0 1 3 2 2 3 3 0 *

Firm No. 60359

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ANITA MALDONADO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2021CH03756 |
| v. | ) ) | CLASS ACTION |
| FIRSTSOURCE ADVANTAGE, LLC, | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Anita Maldonado respectfully requests that the Court order that this action,

alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"),

may proceed on behalf of a class against Defendant Firstsource Advantage, LLC ("Firstsource"

or "Defendant").

The class consists of (1) all persons similarly situated in the State of Illinois (2) from

whom Defendant attempted to collect a Capital One Bank USA, N.A. account (3) using a letter

sent in an envelope materially identical to that attached as Exhibit B to Plaintiff's Complaint (4)

in which bar codes, numbers, and characters are visible on the envelope (5) sent one year prior to

the filing of this case up to the filing of this case.

Plaintiff is required to file a motion for class certification prior to any tender of payment

by Firstsource to ensure that Plaintiff's individual claims are not mooted, and Plaintiff may

* 5 0 1 3 2 2 3 3 0 *

request leave to supplement the motion at a later date. *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644 (2015).

In support of this motion, Plaintiff states as follows:

## NATURE OF THE CASE

1.     Plaintiff is a natural person residing in Chicago, Illinois.

2.     Firstsource is a New York limited liability company, engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

3.     On or about July 9, 2021, Firstsource sent a collection letter to Plaintiff the letter in Appendix A.

4.     The letter conveyed various information regarding the debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

5.     The collection letter was sent in an envelope with a string of numbers and a barcode next to Plaintiff's address, a string of letters and numbers above the return address, and a barcode printed on the back of the envelope. (Appx. A).

6.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

7.     Thus, the presence of the bar codes, numbers, and characters visible on the envelope violated § 1692f(8).

8.     Firstsource used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

## THE FAIR DEBT COLLECTION PRACTICE ACT

9.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

10.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

11.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

12.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

13.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

14. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA.

15. Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

16. Illinois law allows for the maintenance of class actions when the following prerequisites are met:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

17. The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.

18. Decisions regarding class certification are left to the "sound discretion" of the circuit court and will be overturned only where the court clearly abuses that discretion or applied "impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005).

19. Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

In a large and impersonal society, class actions are often the last barricade of consumer protection . . . . [T]he consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action— private suits or governmental actions—have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766).

20.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *See, e.g.*, *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

21.     As demonstrated below, each of the requirements for class certification is met.

## 1. **Numerosity**

22.     Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure 23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *See Kulins v. Malco*, 121 Ill. App. 3d 520, 530 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

23.     It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic*

*Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169

(E.D.N.Y 19786). "The court may assume sufficient numerousness where reasonable to do so in

absence of a contrary showing by defendant, since discovery is not essential to most cases in

order to reach a class determination .... Where the exact size of the class is unknown, but it is

general knowledge or common sense that it is large, the court will take judicial notice of this fact

and will assume joinder is impracticable." 2 NEWBERG ON CLASS ACTIONS (3d ed. 1995), §7.22.

24.    In the present case, Plaintiff alleges, based on the volume of Defendant's

collection activity and the use of form letters, that there are more than 40 class members, making

them so numerous that joinder is impracticable.

25.    While discovery will be needed to determine the precise class size, it is reasonable

to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450

(concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity

and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F.Supp. 254, 256

(D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle

repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer

was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v.

Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies,

existence of policies and 148 families who were denied benefits to which policies applied

sufficient to show numerosity, even though it was impossible to identify which of 148 families

were denied benefits because of policies complained of).

**2.  Common Questions and Predominance**

26.    A common question may be shown when the claims of the individual members of

the class are based on the common application of a statute or they were aggrieved by the same or

similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

27.     In the present case, the predominant common questions are (i) whether Firstsource sends collection letters in envelopes with bar codes, numbers, and characters visible on the envelope, (ii) whether such practices violate the FDCPA, and (iii) Firstsource's liability for such violations.

28.     Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

29.     The only individual issue is the identification of the class members, a matter easily ascertainable from Firstsource's files.

30.     Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

**3. <u>Adequacy of Representation</u>**

31.     The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

32.     Plaintiff has retained experienced counsel, as indicated on <u>Appendix B</u>, <u>Appendix</u> <u>C</u>, and <u>Appendix D</u>, which sets forth counsel's qualifications.

33.     There are no conflicts between Plaintiff and the class members.

**4.    Appropriateness of Class Action**

34.     Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

35.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

**CONCLUSION**

36.     The Court should certify this action as a class action.

Respectfully submitted,

By: /s/ *Daniel Brown*
Daniel Brown

Daniel Brown (Atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

\* 5 0 1 3 2 3 3 0 \*

Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

## CERTIFICATE OF SERVICE

I, Daniel Brown, I had this document placed for service with the complaint to the

following parties:

FirstSource Advantage, LLC.
c/o CT Corporation System,
208 South LaSalle Street, Suite 814,
Chicago, Illinois 60604.

/s/ *Daniel Brown*
Daniel Brown

# APPENDIX A

Statement Date: 07-09-21
Creditor: CAPITAL ONE BANK (USA), N.A.
Product: PLATINUM
Our Reference #: ▮▮▮▮▮▮
Creditor Account #: ▮▮▮▮▮▮▮▮▮▮▮▮
Account Balance: $439.61

**firstsource**

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-866-582-4774

FILED DATE: 8/2/2021 2:00 PM   2021CH03756

### Pay Less Than You Owe and Settle Your Account

Dear Anita S Maldonado:

We are happy to offer you the opportunity to pay less than you owe to settle your account. If you pay $215.41 by 07-29-21, we will consider your account settled and collection efforts will stop on the remaining balance.

Upon receipt and clearance of your payment, we will notify the creditor listed above so they can update their records accordingly.

Kindly note that we have the right to treat any missed, late, or returned payment as a cancellation of this offer. We are not obligated to renew this payment offer.

* 5 0 1 3 2 3 3 0 *

If you have any questions, please do not hesitate to contact us at 1-866-582-4774.

We are required to inform you that this is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

We look forward to hearing from you.

Thank you,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency

---

### Customer Service and Payment Information

☎ Telephone: Toll free: 1-866-582-4774    ☎ TTY / TDD Users: 1-800-662-1220
🕐 Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖱 For account information and payment options, you may access our website at www.myadvantagefsa.com

810CZFRST02_SIF_610108001

***Please Detach Lower Portion and Return with Your Payment***

Do not send correspondence to this address.

CZFRST02
PO Box 1022
Wixom MI 48393-1022

CHANGE SERVICE REQUESTED

07-09-21

| IF PAYING BY DEBIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA    ☐ | | |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # | BALANCE DUE | AMOUNT PAID |
| ▮▮▮▮▮▮ | $439.61 | $ |

ANITA S MALDONADO
▮▮▮▮▮▮▮▮▮▮

Make Payment To:
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

CZFRST02
PO Box 1022
Wixom MI 48393-1022

CHANGE SERVICE REQUESTED

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

ANITA S MALDONADO

# APPENDIX B

\* 5 0 1 3 2 3 3 0 \*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ANITA MALDONADO, on behalf of herself and all others similarly situated,    ) ) ) | |
| Plaintiff,    ) ) | Case No. |
| v.    ) ) | CLASS ACTION |
| FIRSTSOURCE ADVANTAGE, LLC,    ) ) ) | JURY TRIAL DEMANDED |
| Defendant.    ) | |

### DECLARATION OF DANIEL BROWN

I, Daniel Brown, being first duly sworn on oath, depose and state as follows:

1.     I am one of the attorneys for the Plaintiff above named.

2.     I have been admitted to the practice of law in the State of Illinois since October 2009.

3.     I am admitted to practice in the United States District Courts for the Northern District of Illinois.

4.     I am also admitted to practice in the Seventh Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

5.     I am a member of the Trial Bar of the United States District Court for the Northern District of Illinois since 2017.

6.     I am a member of the National Association of Consumer Advocates since 2016.

7.     I graduated from Harvard Law School *cum laude* in 2009. Thereafter I worked

as an associate in the bankruptcy group at Kirkland & Ellis, LLP. While at Kirkland I primarily represented debtors in large chapter 11 reorganizations. I left Kirkland in October 2011 and joined the bankruptcy department at Baker & McKenzie, LLP, also as an associate. At Baker, I represented various types of creditors in chapter 7 and chapter 11 cases, as well as smaller debtors in chapter 11.

8.       In March 2012, I left Baker to start my own firm, Brown Legal Advisors, LLC. At this firm, I represented (a) distressed debt investors in chapter 7 and chapter 11 proceedings around the country, (b) chapter 11 debtors in bankruptcy cases and related litigation, and (c) chapter 7 trustees in contested creditor litigation. I also provided consulting services to investment firms for investment opportunities that involved litigation and potential bankruptcy proceedings. In addition, I served as the trustee of a litigation trust established for the benefit of bankruptcy creditors in the case of *In re Imperial Capital Bancorp, Inc.* Case No. 09-bk-19431 (Bankr. S.D. Cal.).

9.       In January 2015 I left Brown Legal Advisors and started a new firm focused on consumer protection litigation, now called Main Street Attorney, LLC.

10.       I have substantial experience in federal court litigation, financial litigation, bankruptcy litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and financial sector, which are the main focus of my practice.

11.       In 2018 I was approved as class counsel for an FDCPA class action in *Bishop-Lillegard v. Unifund CCR, LLC, et al.*, Case No. 16-cv-8075 (N.D. Ill.).

12.       I have represented plaintiffs in over 100 FDCPA and other consumer protection cases.

2

* 5 0 1 3 2 2 3 3 0 *

Pursuant to 28 U.S.C. § 1746(2), I, Daniel Brown, hereby declare under penalty of

perjury that the foregoing is true and correct.

Dated:  July 21, 2021        /s/ *Daniel Brown*_____
                         Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

# APPENDIX C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANITA MALDONADO, on behalf of )
herself and all others similarly situated, )
                                                        )
              Plaintiff,            )
                                                        )     Case No.
             v.                       )
                                                         )     CLASS ACTION
                                                        )
FIRSTSOURCE ADVANTAGE, )
LLC,                                       )
                                                        )     JURY TRIAL DEMANDED
                                                        )
              Defendant.          )

## DECLARATION OF CELETHA C. CHATMAN

      I, Celetha C. Chatman, Esq., being first duly sworn on oath, depose and state as follows:

      1.       I am one of the attorneys for the Plaintiff above named.

      2.       I am admitted to practice within the State Courts of Illinois as of November 5,

2015.

      3.       I am a member of the Bar of the United States District Court for the Northern

District of Illinois.

      4.       I am member of the Bar of the Bankruptcy Court for the Northern District of

Illinois.

      5.       I have significant experience in FDCPA litigation, which is the focus of my

practice.

      6.       I am or have been counsel to more than 500 FDCPA cases in the Northern

District.

1

\* 5 0 1 3 2 3 3 0 \*

7.      That the following is a sample of my FDCPA class actions:

*Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N. D. IL)
*Garret v. David B. Blaskovich P.C.*; 17-cv-0087 (N.D. IL).

Pursuant to 28 U.S.C. § 1746(2), I, Celetha C. Chatman, hereby declare under penalty of

perjury that the foregoing is true and correct.

Dated: July 21, 2021                    */s/ Celetha C. Chatman*
                                         Celetha C. Chatman

Celetha C. Chatman
Community Lawyers, LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

2

# APPENDIX D

\* 5 0 1 3 2 3 3 0 \*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| ANITA MALDONADO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | CLASS ACTION |
| FIRSTSOURCE ADVANTAGE, LLC, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, being first duly sworn on oath, depose and state as follows:

1.    I am one of the attorneys for the Plaintiff above named.

2.    I am admitted to practice within the State Courts of Illinois as of May 1, 2014.

3.    I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

4.    I am a member of the National Association of Consumer Advocates as of November 2011.

5.    I am or have been counsel to over 800 FDCPA cases in the Northern District.

6.    I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

7.    I have published and lectured on the Fair Debt Collection Practices Act. (e.g., Michael J. Wood, Abstention Doctrine and the Fair Debt Collection Practices Act, 89 Chi.-Kent.

* 5 0 1 3 2 3 3 0 *

L. Rev. 1191 (2014)).

      8.    Class actions: I have certified several classes for settlement purposes in the

following cases: *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D. Ill.); *Szczesniak v.*

*National Account Services*, 14-cv-10346 (N.D. Ill.); *Garret v. David B. Blaskovich P.C.*; 17-cv-

0087 (N.D. IL); *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.)


      Pursuant to 28 U.S.C. § 1746(2), I, Michael Jacob Wood, hereby declare under penalty

of perjury that the foregoing is true and correct.


   Dated:  July 21, 2021                 */s/ Michael Jacob Wood*

                                          Michael Jacob Wood


Michael J. Wood
Community Lawyers LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com